United States Bankruptcy Court
Southern District of Texas

**ENTERED**
April 01, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-30950** |
| JERRY EDWARDS, | § | |
| | § | **CHAPTER 13** |
| Debtor. | § | |
| | § | |
| JERRY EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3605** |
| | § | |
| NEWREZ LLC D/B/A SHELLPOINT | § | |
| MORTGAGE SERVICING, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING MOTION TO DEEM ADMITTED
REQUESTS FOR ADMISSIONS, SET ONE**

This matter is before the Court on the Motion to Deem Admitted Requests for Admissions, Set One (ECF No. 13) filed by the defendant, Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint"). A response in opposition was filed (ECF No. 17) by the plaintiff, Jerry Edwards ("Edwards"). Shellpoint seeks to have requests for admissions served to Edwards deemed admitted pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 36(a)(3) based on the failure to respond to the Requests for Admissions.

The movant failed to attach a proposed order to the instant motion as required by Bankruptcy Local Rule 9013-1(h).[1] For the following reasons, this motion is granted. Future failures to attach orders may result in the denial of the motion.

---

[1] "Each motion, application, objection, and response filed with the court must be accompanied by a proposed order."

1 / 5

Shellpoint states that it served Edwards with Requests for Admissions on November 20, 2025, and that responses were due on December 22, 2025, as December 20, 2025, was a Sunday. Edwards does not dispute that he failed to timely provide responses, but states that it was "due to an oversight by Plaintiff's counsel…"[2]  The responses to discovery were not served until March 10, 2026, seventy-eight days later.  Edwards has denied the following requests for admission and requests that they not be deemed admitted:

Request No. 1: Admit that you have not been damaged as a result of any act or omission on the part of Shellpoint.

Request No. 4: Admit that you did not obtain an estimate for property repairs at any time during the 90 days following your receipt of check number 00138238 in the amount of $13,479.55.

Request No. 7: Admit that no property repair or remediation work by a contractor has been commenced since August 2, 2025.

Request No. 9: Admit that you have spent a portion of the funds provided by check number 00138238 in the amount of $13,479.55 on items or matters unrelated to the remediation or repair of property damage.

Request No. 11: Admit that since August 2, 2025, you have made no payments to individuals or companies for the remediation or repair of property damage.

Request No. 15: Admit that you have not purchased materials for property repairs totaling at least $2,555.36.

Request No. 19: Admit that you did not respond to Shellpoint's communications concerning the need for an inspection until January 2, 2025.

Request No. 20: Admit that as of January 2, 2025, the fallen tree had not been removed.

Request No. 21: Admit that between January 10, 2025 and January 24, 2025, the property inspector made numerous attempts to contact you to schedule an inspection.

Request No. 22: Admit a property inspection took place on January 25, 2025.

---

[2] Declaration of Counsel, ECF No. 17-1, page 1, ¶3.

Request No. 23: Admit that on March 3, 2025, Shellpoint informed you by email that a materials list was needed from the contractor chosen to complete the property repairs.

Request No. 26: Admit that Shellpoint informed you by email dated March 20, 2025 that it had not heard from you.

Request No. 27: Admit that Shellpoint requested an update from you by email dated March 20, 2025.

Request No. 29: Admit that Shellpoint sent a letter to you dated April 14, 2025 requesting instructions to process insurance claim proceeds.

Request No. 32: Admit that you have not responded to all of Shellpoint's requests for information in relation to the release of insurance proceeds.

Request No. 33: Admit that your failure to respond to each of Shellpoint's requests for information delayed Shellpoint's release of insurance proceeds.

Request No. 33: Admit that no portion of the funds you received on August 2, 2025 has been used for the remediation or repair of the property.

## LEGAL ANALYSIS

"The Fifth Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."[3]  Edwards has failed to file a motion to withdraw or amend deemed admissions.  Instead, Edwards filed a response to Shellpoint's motion requesting that Edward's responses be deemed timely filed.  The Fifth Circuit has determined that a court acts within its discretion in considering the diligence of a party seeking withdrawal of a deemed admission.[4]

Fed. R. Civ. P. 36(b) provides in part: "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if

---

[3] *In re Runnels*, No. 06-50022, 2007 WL 4166126 (Bankr. E.D. Tex. Nov. 20, 2007) citing *In re Caney*, 258 F.3d 415, 419 (5th Cir. 2001).

[4] *Simonton v. Houston Methodist Continuing Care Hospital,* No. 23-02184, 2025 WL 1747023, at *3 (Bankr. S.D. Tex. June 9, 2025) citing *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007).

the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." To withdraw an admission Rule 36(b) requires the Court to find that withdrawal 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case. Even if a party establishes these two factors, the Court retains discretion to deny a request to withdraw an admission.

**Presentation of the Merits**

Edwards argues that the admissions go the heart of the dispute as whether Shellpoint incorrectly applied payments during the Chapter 13 bankruptcy and whether Shellpoint mismanaged insurance proceeds.  The Complaint filed by Edwards has two causes of action, one for violation of 11 U.S.C. § 1327 and one for conversion of insurance checks.[5]  None of the requests for admissions that were untimely denied impact those allegations.  Instead, the requests for admissions inquire how insurance funds were spent, and whether or not information or communications were received and/or sent between the parties.

Edwards has not advanced any additional arguments to support withdrawal such as a showing that the admissions are contrary to the record of the case, that the admissions are no longer true because of changed circumstances, or through an honest error a party has made an improvident admission, other than the Request for Admission No. 1 stating that Edwards has no damages.

Accordingly, the Court finds that Edwards has not requested a withdrawal of deemed admissions nor shown that withdrawal of the admissions would promote the presentation of the merits of this action, and Edwards has not satisfied the first Rule 36(b) factor.

---

[5] ECF No. 1, pages 11-12.

**Prejudice**

"The prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."[6] The discovery deadline has now passed and Shellpoint has made decisions in reliance upon the deemed admissions in calculating who to depose and whether or not to file motions to compel which makes the withdrawal of deemed admissions inappropriate.[7]

Here, the Court finds that Shellpoint will be prejudiced if the requests for admissions are not deemed admitted as the discovery deadline has now passed.

**THEREFORE, IT IS ORDERED** that the Motion to Deem Admitted Requests for Admissions, Set One is granted.

SIGNED 04/01/2026

_____

Jeffrey Norman
United States Bankruptcy Judge

---

[6] *In re Runnels*, No. 06-50022, 2007 WL 4166126, at *4 (Bankr. E.D. Tex. Nov. 20, 2007) citing *American Automobile Ass'n v. AAA Legal Clinic of Jeferson Crooke, PC.* 930 F.2d 1117, 1120 (5th Cir. 1991).
[7] *Onosode v Equifax Information Services, LLC,* No. 20-00951, 2022 WL 19380561, at *5 (Bankr. E.D. Tex. July 21, 2022).